UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

CAPAL BEASLEY,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

CENTRAL FLORIDA CONTRACTORS SERVICES, INC.,
a Florida for-profit corporation; CENTRAL FLORIDA
CONTRACTORS SERVICE, LLC., a Florida limited
liability company; and, BOBBY J. POWELL, JR.,
an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CAPAL BEASLEY, ("BEASLEY"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants CENTRAL FLORIDA CONTRACTORS SERVICES, INC., a Florida for-profit corporation, (hereinafter "CFCS, INC."), CENTRAL FLORIDA CONTRACTORS SERVICE, LLC., a Florida limited liability company (CFCS, LLC), and BOBBY J. POWELL, JR., an individual, (hereinafter, "POWELL") and states as follows:

### INTRODUCTION

1.     This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and retaliation in violation of 29 U.S.C. § 215.

**JURISDICTION**

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant, CFCS, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants, CFCS, Inc., CFCS, LLC and POWELL, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. Defendants operated a concrete pumping business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, as part of this daily job duties, the Plaintiff, as well as numerous other employees, handled tools, vehicles, concrete, and other construction materials that were manufactured outside the State of Florida.

3. During the relevant time period, Defendants employed two or more persons who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida; and,

   b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, BEASLEY, was and continues to be a resident of Duval County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, CFCS, Inc., was conducting business in Alachua County, Florida—the location where Plaintiff performed services for the Defendants.

10. At all times material hereto, corporate Defendant, CFCS, LLC., was conducting business in Alachua County, Florida—the location where Plaintiff performed services for the Defendants.

11. At all times material hereto, Plaintiff, BEASLEY, was an "employee" of the Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were the employers of Plaintiff.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

14. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, BEASLEY his lawfully earned wages in conformance with the FLSA.

15. At all times material hereto, the corporate Defendant, CFCS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, BEASLEY was directly essential to the business performed by the Defendants.

17. Plaintiff, BEASLEY has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATMENT OF FACTS

18. On or about March 5, 2018, Plaintiff, BEASLEY began working for Defendants as a concrete pump operator. He was employed until about July 14, 2018, at which point the Defendants terminated Plaintiff's services due to his engaging in FLSA protected activity—namely, complaining about the Defendants' failure to pay wages consistent with the FLSA.

19. Then, on or about October 31, 2018, the Plaintiff was re-hired by the Defendants

20. On February 25, 2019, during the Plaintiff's second stint as an employee with the Defendants, the Plaintiff, through his counsel, sent the Defendants a letter advising the Defendants that the Plaintiff was formally making a claim for unpaid overtime for the period of about March 5, 2018 to about July 14, 2018. In that February 25, 2019 correspondence, the Plaintiff, through his counsel, also complained about his retaliatory discharge that occurred on or about July 18, 2018.

21. Immediately upon receipt of the subject February 25, 2019 letter, the Defendants began retaliating against the Plaintiff insofar as reducing his work schedule, mistreating him, and, ultimately, terminating him on March 5, 2019.

22. While the Plaintiff was employed by the Defendants, the Defendants paid Plaintiff, BEASLEY an hourly wage of 22.00 per hour.

23. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff. Defendants deducted approximately 2.5 hours per week from the Plaintiff's overtime hours for meal breaks that he did not take.

24. Defendant, POWELL, was a supervisor and/or owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the wage violations, described herein.

25. Defendant, POWELL was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

26. During the Plaintiff's employment, the Plaintiff complained to the Defendants about Defendants' practice of shaving Plaintiff's overtime hours in order to deduct for meal breaks which the Plaintiff did not take.

27. The Defendants caused the Plaintiff to be terminated from his employment on about July 14, 2018. The Defendants subsequently advised the Plaintiff that the termination was caused due to the Plaintiff having engaged in an FLSA protected activity—namely, complaining about his overtime hours being shaved by the Defendants.

28. The Defendants *also* terminated the Plaintiff on March 5, 2019 (during the *second* time period which he was employed with Defendants), for having engaged in FLSA protected activity—namely for complaining about overtime wages being owed, and for complaining about Plaintiff's previous/prior retaliatory discharge in about July 2018.

29. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

30. Plaintiff realleges Paragraphs 1 through 29 as if fully stated herein.

31. During Plaintiff's employment with Defendants, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

32. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due his.

35. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215

40. Plaintiff, BEASLEY realleges Paragraphs 1 through 29 as if fully stated herein.

41. The Plaintiff, BEASLEY engaged in statutorily protected activity when he complained to the Defendants about not being paid for all his overtime hours, including hours where the Defendants deducted for 30-minute meal breaks which he did not take.

42. BEASLEY also engaged in FLSA protected activity when he complained to the Defendants on February 25, 2019, about Defendants' violation of the FLSA.

43. The Plaintiff was terminated during his first period of employment with the Defendants in 2018, and later, on March 5, 2019, during his second period of employment with the Defendants.

44. Pursuant to 29 U.S.C. § 215, Plaintiff, BEASLEY was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

45. A causal link exists between the Defendants' decision to retaliate against, and terminate BEASLEY in both 2018 and/or 2019, and BEASLEY engaging in activities protected by the FLSA.

46. Defendants' actions insofar as retaliating against and terminating the Plaintiff as set forth herein were not for legitimate, non-retaliatory reasons.

WHEREFORE, Plaintiff, BEASLEY, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants retaliated against Plaintiff, BEASLEY, asserting and engaging in activities protected by the FLSA;

b. Declaring that Defendants violated 29 U.S.C. § 215;

c. Awarding Plaintiff, BEASLEY, back pay and front pay (through age 65), respectively, in the amount calculated;

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff post-judgment interest;

f. Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h. Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 7, 2019.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite A-304
        Hollywood, Florida  33312
        Telephone: (954) 922-2298
        Facsimile: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: s/. Peter Bober
            PETER J. BOBER
            FBN: 0122955
            SAMARA ROBBINS BOBER
            FBN: 0156248