IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAPAL BEASLEY,

    Plaintiff,

v.                                                                                          Case No. 1:19-cv-38-AW-GRJ

CENTRAL FLORIDA CONTRACTORS
SERVICES, INC., a Florida for-profit
corporation, and BOBBY J. POWELL,
JR., an individual,

    Defendants.
_____/

**ORDER DIRECTING PARTIES TO CONFER, DENYING LEAVE TO FILE REPLY, AND DIRECTING CLERK TO SET TELEPHONIC HEARING**

This is an FLSA case, and the parties have what appears to be a relatively straightforward discovery dispute. That dispute has led to seven filings to date: Plaintiff first moved to compel responses to certain discovery requests. ECF No. 13. Defendants responded, noting that Plaintiff's motion did not include a certificate of conference—or any indication that Plaintiff sought to resolve the dispute before filing his motion. ECF No. 18. Plaintiff then filed a notice that he was striking or withdrawing his original motion. ECF No. 19. Plaintiff next filed a new motion to compel. ECF No. 20. Defendants responded to this new motion, still contending that Plaintiff did not fully comply with his meet-and-confer obligation. ECF No. 22. Plaintiff then moved for leave to file a reply, ECF No. 23, and Defendants filed a response opposing that motion, ECF No. 24.

1

The motion to compel, ECF No. 20, explains that Plaintiff was a concrete pump operator. Plaintiff contends that he was not paid what he was owed, and he contends that after he raised FLSA issues through his counsel, Defendants retaliated against him by not scheduling him for more jobs. Attached to the motion is an email exchange Plaintiff had with Bobby Powell, Jr., one of the Defendants. ECF No. 20 at 11. In the email, Plaintiff wrote that shortly after his counsel sent a letter regarding overtime wages, Plaintiff "received a call from the company saying there would be no work for me on Tuesday (February 26)." ECF No. 20 at 11. Plaintiff also wrote that he received two more calls during the next two days telling him that there would be no work for each following day. ECF No. 20 at 11. Mr. Powell responded to the email saying that it had "rained for the last couple of days" and "[b]ecause of this we have not had a job for you to do." ECF No. 20 at 11.

> In his motion to compel, Plaintiff presented this argument:
>
> Whether the Defendants truly denied Plaintiff work assignments due to weather after he complained about not receiving overtime, or instead, are offering a pretextual reason, is a key issue in this case. If other workers were working on days when the Plaintiff was not (due to "weather"), then it calls into question whether the Defendants retaliated against the Plaintiff.

ECF No. 20 at 2. Plaintiff thus sought discovery on this issue. Specifically, Plaintiff served an interrogatory (Number 7) that sought a list of all employees, their contact information, the days each employee worked during the disputed eight-day period, and details regarding any worker who "did not perform work on a calendar day during the [disputed period] due to rain or weather-related issues." ECF No. 20 at 3. Defendants objected to the scope to the

extent it sought information about "all persons," but they provided information as to "pump operators like Plaintiff." ECF No. 20 at 4 (quoting interrogatory response). Defendants specifically stated in their response that "[w]eather or rain prediction did not impact the number of jobs available" on any day during the disputed period other than February 27, 2019. ECF No. 20 at 4 (quoting interrogatory response). Defendants also produced work schedules for the disputed period, purportedly showing who worked each of the relevant days. ECF No. 22 at 8. Defendants reported that they do not "record the reasons the pump truck operators are off the schedule on any particular workday unless the operator requests time off for personal or other reasons and other than as noted in the Daily Schedule Detailed Reports." ECF No. 22 at 8 n.1.

Based on the filings, it appears that (i) Defendants have acknowledged that only one day during the disputed period included weather-related scheduling issues, and (ii) Defendants have produced documents showing which pump operators worked which days during the disputed period. Although not entirely clear, it appears the only outstanding issues are (i) whether Defendants must provide contact information for employees other than pump operators,* (ii) whether Defendants must provide time and pay information for pump operators who worked during the disputed period, and (iii) attorney's fees related to the various filings to date.

With meaningful cooperation, it is likely that the parties could resolve these remaining issues (and any others related to the discovery dispute).

---

\* Notably, Plaintiff contends that "[m]ost of [Defendant CFCS's] employees are/were pump operators like the Plaintiff." ECF No. 20 at 5.

3

It is therefore ORDERED:

1. Counsel for the parties shall promptly confer by telephone or in person (i.e., not just by email) regarding the discovery motion and any open issues.

2. The Clerk shall terminate ECF No. 13 (the withdrawn motion).

3. The motion for leave to file a reply, ECF No. 23, is DENIED.

4. The Clerk shall set a telephonic hearing for a time no earlier than August 13, 2019, and no later than August 20, 2019. At the hearing, the Court will hear argument on any remaining issues, and Plaintiff may present any argument that would have been included in his proposed reply.

5. If the parties resolve their disputes, then they shall file a joint notice no later than 24 hours before the telephonic hearing, and the Court will cancel the hearing.

SO ORDERED on August 6, 2019.

s/ *Allen Winsor*
United States District Judge