UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-38-AW-GRJ

GAINESVILLE DIVISION

CAPAL BEASLEY,

    Plaintiff,

v.

CENTRAL FLORIDA CONTRACTORS SERVICES, INC.,
a Florida for-profit corporation; and BOBBY JOE POWELL, JR.,
an individual,

    Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS CASE WITH PREJUDICE

The Plaintiff, CAPAL BEASLEY, and Defendants, CENTRAL FLORIDA CONTRACTORS SERVICES, INC, and BOBBY J. POWELL, JR. (hereinafter, jointly and severally, and collectively, the "Defendants") jointly move this Court for approval of their settlement and to Dismiss Case With Prejudice, and state as follows:

### Background

The Plaintiff filed a Complaint for Damages on March 7, 2019 pursuant to the Fair Labor Standard Act ("FLSA"), alleging Defendants failed to pay Plaintiff overtime wages. The Plaintiff also alleged the Defendants retaliated against him for having engaged in FLSA protected activities. The Defendants denied all the Plaintiff's allegations and have asserted numerous affirmative defenses.

The Plaintiff and the Defendants previously settled Count I (Overtime) (ECF 34). The Defendants paid Plaintiff at least 100% of his claimed overtime damages, and at least 100% of his

Doc ID: 73c85e3ee4a4cbab2b0a6a3c61018155f7119bb0

alleged liquidated damages. This Court has issued an Order Granting Plaintiff's Motion for Judgment As to Count I and ordered that at the conclusion of the case, judgment will enter in Plaintiff's favor as to Count I, consistent with the offer. (ECF 86). Plaintiff acknowledges the receipt and satisfaction of the payments for his overtime claim in the amount of $2,200 and liquidated damages claim in the amount of $2,200, as contained in the Offer of Judgment.

The instant settlement between the Parties concerns all remaining issues—Count II (Retaliation) and the amount of attorneys' fees and costs including the "reasonable amount of attorneys' fees and costs incurred to date [of the Offer of Judgment] by Plaintiff for Plaintiff's unpaid overtime claim, and including fees and costs incurred in establishing the amount of fees and costs, as determined by the Court" which the Defendants had included in the Offer of Judgment (ECF 34).

### Instant Settlement

Here, as part of the settlement, the Plaintiff will receive $12,000.00 exclusive of attorneys' fees and costs and separate from the claimed overtime and liquidated damages amounts he previously received pursuant to the Offer of Judgment. Separately, the Defendants will pay Plaintiff's counsel a total of $41,157.00 for all claims of attorney's fees and costs inclusive of the amount incurred for Plaintiff's unpaid overtime claim (Count I). Accordingly, the amount of attorneys' fees and costs incurred for Plaintiff's unpaid overtime claim is fully and completely settled by the Parties, in lieu of having the amount determined by the Court as stated in the Defendants' Offer of Judgment.

### Analysis

Pursuant to FLSA case law, FLSA unpaid wages claims may be settled in two ways. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the

payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (111th Cir. 1982). Second, in the context of a private lawsuit, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court approves of the fairness of the settlement. *Id.*

As the Defendants paid the Plaintiff more than 100% of the unpaid wages and liquidated damages claims, the parties have already fully resolved those claims which are now moot. Moreover, as the Plaintiff's retaliation claims were settled separately and subsequently to the settlement of the unpaid wages claim, the instant settlement did not contaminate the Plaintiff's unpaid wages claim. *See Thompson v. Dealer Management Services, Inc.*, 2016 WL 7644856 at *1 (M.D. Fla. 2016) ("A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim."). For the reasons stated in Defendants' motion for summary judgment, Defendants believe there was no retaliation, the Plaintiff is not entitled to any damages and $12,000 to the Plaintiff is more than fair and reasonable.

With respect to the Plaintiff's claims for attorneys' fees and costs, the total amount of fees and costs for all the claims brought in this lawsuit were negotiated separately from Plaintiff's overtime and retaliation claims. Though in previously settling the overtime claim, the Defendants offered for judgment to be entered into against the Defendants for "a reasonable amount of attorneys' fees and costs incurred to date [of the Offer of Judgment] by Plaintiff for Plaintiff's unpaid overtime claim, and including fees and costs incurred in establishing the amount of fees and costs, as determined by the Court," the parties wish to end all litigation and disputes over the amount of fees and costs to Plaintiff.

Doc ID: 73c85e3ee4a4cbab2b0a6a3c61018155f7119bb0

As the Plaintiff's counsel maintains that the fees and costs are currently about $185,000.00, the *reduction* to $41,157.00 represents a substantial discount, and desire of all concerned to resolve this matter. The amounts paid for attorneys' fees and costs was negotiated as a completely separate amount paid to the Plaintiff—it did not adversely affect his recovery.

The case was heavily litigated, and both Parties filed motions for summary judgment, along with a plethora of other motions, now pending. Rather than take further risk and incur additional attorneys' fees and costs, the settlement is reasonable particularly due to the changing economic situation brought about by the COVID-19 pandemic.

WHEREFORE, the Plaintiff and Defendants respectfully request that the Court:

1) *Approve* the Parties' settlement and Dismiss the Case With Prejudice,

2) Enter judgment that all claims including all claims for attorney fees and costs are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41; and

3) grant the Plaintiff and Defendants such further relief as the Court deems appropriate.

Respectfully submitted this 26 day of May 2020, by

BOBER & BOBER, P.A.
By: s/ Peter J. Bober
PETER J. BOBER
FBN: 0122955
peter@boberlaw.com
SAMARA ROBBINS BOBER
FBN: 0156248
samara@boberlaw.com
2699 Stirling Road, Suite A-304
Hollywood, Florida 33312
Phone: (954) 922-2298
Fax: (954) 922-5455

*Attorneys for Plaintiff*

DONNELLY + GROSS
s/ Paul A. Donnelly
Paul A. Donnelly
FBN: 813613
paul@donnellygross.com
s/ Jung Yoon
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com
2421 NW 41st Street, Suite A-1
Gainesville, FL
Phone: 352-374-4001
Fax: 352-374-4046

*Attorneys for Defendants*

Doc ID: 73c85e3ee4a4cbab2b0a6a3c61018155f7119bb0