## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between Capal Beasley (hereinafter referred to as "Beasley" or "Plaintiff"), Central Florida Contractors Services, Inc. and Bobby J. Powell, Jr. (hereinafter, jointly and severally, referred to as "The Company" or "Defendants"). Based on adequate consideration, the parties hereto agree as follows:

1) <u>Background and Intent of the Parties</u>.

   A. On March 7, 2019, the Plaintiff filed a lawsuit (Case 1:19-cv-00038 (N.D. Fla.)) against Defendants under the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* ("FLSA") (the "Lawsuit").

   B. The Defendants deny taking any action that violated the Plaintiff's rights under the FLSA;

   C. The Defendants deny retaliating against the Plaintiff in any way, including but not limited to violating the FLSA's anti-retaliation provisions;

   D. On August 27, 2019, the Defendants made an Offer of Judgment, which the Plaintiff accepted, to resolve the Plaintiff's overtime claim (Count I) in the amount of $2,200 in unpaid overtime compensation; $2,200 in liquidated damages; and a reasonable amount of attorneys' fees and costs incurred to date for the Plaintiff's unpaid overtime claim and including fees and costs incurred in establishing the amount of fees and costs, as determined by the Court. The Plaintiff hereby acknowledges the receipt and satisfaction of the payments for his overtime claim in the amount of $2,200 and liquidated damages claim in the amount of $2,200.

   E. The Parties, now, desire to fully and finally settle all claims in the Lawsuit, including the reasonable amount of attorneys' fees and costs for the Plaintiff's unpaid overtime claim (in lieu of having such amount determined by the Court as stated in the Offer of Judgment), as well as claims the Plaintiff could henceforth forth bring against Defendants under the FLSA's anti-retaliation provisions. By signing and entering into this Agreement, the Defendants do not admit that a violation of any law, rule, regulation, custom, practice or agreement occurred.

2) <u>Consideration</u>. In consideration for the promises made herein, and in full and final settlement of the Lawsuit, any other claims and liabilities the Plaintiff has asserted or may otherwise seek to assert against the Defendants including the reasonable amount of attorneys' fees and costs for the Plaintiff's unpaid overtime claim (in lieu of having such amount determined by the Court as stated in the Offer of Judgment), the Defendants have agreed to pay a total of **$53,157.00** (the "Settlement Sum") (comprised of $12,000.00 to Capal Beasley as compensatory



damages for his alleged FLSA retaliation claims in the Lawsuit and in exchange for him signing a release of claims and maintaining confidentiality as provided herein; and, $41,157.00 to Bober & Bober, P.A. in full satisfaction of Plaintiff's attorneys' fees for the Lawsuit including the reasonable amount of attorneys' fees and costs for the Plaintiff's unpaid overtime claim (in lieu of having such amount determined by the Court as stated in the Offer of Judgment). The parties agree that the amount set forth herein for attorneys' fees and costs was negotiated as a separate amount from the amounts herein to be paid to Plaintiff.

The Plaintiff shall be responsible for all federal, state and local taxes, interest and penalties, if any, due on account of the non-wage settlement payments made. The Plaintiff shall indemnify the Defendants against any and all liability which may be imposed upon the Defendants as a consequence of the Plaintiff's failure to pay any and all taxes which were his lawful obligation to pay.

The Settlement Sum will be delivered by U.S. Mail to counsel for Plaintiff, Peter Bober, Esq., Bober & Bober, P.A., 2699 Stirling Road, Suite A-304, Hollywood, FL 33312, by not later than 14 days after the approval of the settlement by the U.S. District Court in two (2) checks: Check # 1 to "Capal Beasley" for $12,000.00; and Check # 2 to "Bober & Bober, P.A. Trust Account" for $41,157.00 (as attorneys' fees, attorney costs). Counsel for Defendants will verify possession of the above-mentioned two checks to Counsel for Plaintiff, by emailing copies of same, prior to the Parties filing of a Joint Motion to Approve Settlement and Dismiss Case with Prejudice. In no event shall any of the Settlement Sum be disbursed by Plaintiff's counsel until such time as the Lawsuit has been dismissed with prejudice and this settlement agreement approved by the U.S. District Court.

The parties hereto agree that after this Agreement is fully executed, they shall promptly file a Joint Motion to Approve Settlement and Dismiss Case With Prejudice, attached hereto.

3) General Release. Except as otherwise set forth herein, Plaintiff freely, knowingly and voluntarily waives, releases and forever discharges Bobby J. Powell Jr., Patti Johns, Central Florida Contractors Service, LLC and Central Florida Contractors Services, Inc. and its past and present owners, directors, officers, shareholders, subsidiaries, parents, representatives, attorneys, assigns, successors, agents, supervisors, managers, administrators, insurers and employees (referred to collectively as the "Released Parties") on his own behalf and on behalf of his heirs, executors, administrators, attorneys, successors, and assigns (referred to collectively throughout this Agreement as "Releasing Parties" or "Plaintiff") of and from any and all known or unknown liability, damages, losses, rights, costs and attorney fees, wages, pay, compensation, benefits, bonuses, severance pay, vacation leave benefits and pay, sick leave benefits and pay, paid time off benefits and pay, actions or causes of action in law, equity, tort, common-law, suits, claims, charges,

complaints, negligence, defamation, contracts and covenants (whether oral or written, express or implied from any source), and promises, including but not limited to the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, as amended, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Americans with Disabilities Act, the Rehabilitation Act, the Vocational Rehabilitation Act, the Fair Labor Standards Act, the Equal Pay Act, the Age Discrimination in Employment Act, the Occupational Safety and Health Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, 26 U.S.C. § 7434, Chapter 760 of the Florida Statutes (the Florida Civil Rights Act), claims regarding discharge, removal from office, position or membership, demotion, suspension, failure to promote, reprimand, discipline, adverse personnel action, adverse membership action, refusal or failure to hire, refusal or failure to accept for membership, retaliatory discharge claims, claims arising under the Florida Minimum Wage Act, Section 448.110, Florida Statutes and the Florida Workers' Compensation Law, Chapter 440, Florida Statutes, including but not limited to Sections 440.105 and 440.205, Florida Statutes, for retaliatory discharge, refusal to hire or any other retaliatory action, and every other local, state or federal common-law, law, rule, regulation, statute, ordinance, and/or public policy, in any jurisdiction, which he ever had, or now has, known or unknown.

Releasing Parties agree that Plaintiff is hereby not only releasing the Released Parties from any and all claims which he could make on his own behalf, but also any claims which may be made by any other person or organization on his behalf. Plaintiff specifically waives any right to become, and promises not to become, a member of any class in a case in which any claim or claims against any of the Released Parties is made.

In exchange for Plaintiff entering into this Agreement and for the other consideration paid hereunder, the Defendants release Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendants once had or now has, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to the Defendants from the beginning of the world to the date of these presents. Through this Agreement, the Defendants provide a general release to Plaintiff.

4) <u>Non-Disparagement</u>. The parties will not disparage each other, or otherwise take any action which could reasonably be expected to adversely affect the other's reputation, including but not limited to taking any action that would be reasonably calculated to get third-parties to think of the other in a negative light. This includes but is not limited to Defendants telling others about the Plaintiff's criminal record.

5) <u>Confidentiality</u>. This Agreement will not be presented to or filed in court, unless necessary in an action over breach or enforcement of this Agreement or to obtain dismissal of this case. Plaintiff will otherwise keep absolutely confidential and will not disclose, either directly or indirectly, any information whatsoever regarding the existence, terms or substance of this Agreement, other than as reasonably necessary for consultation with his accountants, lawyers, tax advisors or as needed to report taxes. In the event of a proven breach, Defendants shall be entitled to seek legal and equitable remedies including injunctive relief and any proven damages.

6) <u>No representation</u>. The Parties hereto represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

7) <u>Binding Effect</u>. This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiff expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. Should a party hereto be required to enforce the material terms of this Agreement, then in any such action or proceeding to do so, the prevailing party shall be entitled to their reasonable attorneys' fees and costs.

8) <u>Severable Provisions</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

9) <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

10) <u>Construction of Agreement</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. Each Party has had the opportunity to cooperate in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

11) <u>Signatures</u>. The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, faxed or

*CB*

scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

12) <u>No Waiver/All Rights Are Cumulative</u>. No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement. No waiver shall be binding unless it is made in writing and signed by the party waiving the breach. All rights are cumulative.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

05 / 15 / 2020

Date

Plaintiff  *(signed)* Cpal Beasley

Capal Beasley

*May 19th 2020*

Date

Central Florida Contractors Services, Inc.

By: *BPowell J.*
Its *Pres.*

*May 19th 2020*

Date

*(signed)* Bobby J. Powell, Jr.

Bobby J. Powell, Jr.

*CB*